UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDY LEE RUDDER,<br><br>                     Plaintiff,<br><br>         v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al., | CASE NO. 3:24-cv-05418-LK-BAT<br><br>**REPORT AND RECOMMENDATION** |

Before the Court are (1) Plaintiff Brandy Lee Rudder's May 30, 2024 prisoner civil rights complaint, Dkt. 6; (2) Defendants' July 15, 2024, motion to dismiss the complaint, Dkt. 12; (3) Plaintiff's response seeking additional time to obtain legal counsel and contending the Court should deny Defendants' motion to dismiss because she has attached an amended complaint to her response. Dkt. 14; and Defendant's response to Plaintiff's opposition to dismissal and amended complaint. Dkt. 15.

This matter was initiated on May 30, 2024, when Plaintiff submitted a 42 U.S.C. § 1983 complaint against Defendants the Washington State Department of Corrections ("DOC") and Brandon Marshall. Dkt. 6 (complaint). The complaint alleges fear "due to Sgt. Marshalls very intrusive and sexual interactions 2013-2015 in L Unit with Devenee Keltner my celly." *Id.* at 5.

REPORT AND RECOMMENDATION - 1

The complaint also alleges Plaintiff filed a "PREA letter" in 2024. *Id.* at 6-8. As relief, Plaintiff seeks money damages and mental health services. *Id.* at 9.

On July 15, 2024, Defendants filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) contending Plaintiff's claims are barred by the three-year statute of limitations; suits against Defendant Washington State Department of Corrections are barred by the Eleventh Amendment; and the allegations against Defendant Marshall lack sufficient specificity or a legal basis, and the PREA does not provide a private cause of action under § 1983 and must accordingly be dismissed. Dkt. 12

When Defendants filed the motion to dismiss, they did not file a notice under *Rand v. Rowland*, 154 F.3d 952 (9th Cir.1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir.2003). In these cases, the Court of Appeals held when a Defendant files a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, or a motion to dismiss for failure to exhaust, under Rule 12(b), a Defendant must file a notice to apprise the prisoner of the requirements to defeat the motion. The "*Rand*" notice requirements do not apply here because Defendants did not file a motion for summary judgment or a motion to dismiss for failure to exhaust remedies. Rather, Defendants filed a motion to dismiss the complaint because the complaint, on its face, establishes the allegations occurred at the earliest nine years ago and are therefore barred by the statute of limitations. The complaint also alleges a PREA violation which does not provide Plaintiff a private cause of action. The motion to dismiss thus apprises Plaintiff of Defendants' arguments as to why the complaint should be dismissed and Plaintiff has filed a response that includes an amended complaint.

Plaintiff's amended complaint does not set forth the dates of any alleged violations. Rather, it alleges the Defendants DOC and Marshall violated Plaintiff's right to a safe

environment free of PREA under the Eight and Fourteenth Amendments. Plaintiff claims her rights were violated on many occasions in the past and present ("I was then and am now a inmate") in regard to cell searches, staff in general, and retaliation. Dkt. 14 at 4. In support of her claims, Plaintiff alleges in the amended complaint as "Claim 1" that Defendant Marshall asked inmate Keltner (Plaintiff's cellmate) into the "Sgt Office" to expose herself in exchange for tobacco. *Id.* at 9-10.

In Claim 2, Plaintiff alleges after Defendant Marshall did a cell search of Plaintiff's cell, Plaintiff returned to the cell finding it cleaned and organized. Plaintiff also alleges an origami crane was left on a desk in the cell. Plaintiff claims after the cell search Defendant Marshall returned to Keltner contraband items that had been taken during the search and made a comment that due to the condition of Plaintiff's underwear, Plaintiff should go to the medical clinic. *Id.* at 10-13.

In Claim 3, Plaintiff alleges Defendant Marshall violated Plaintiff's rights by having a discussion with Keltner about how to keep Plaintiff from reporting Marshall's conduct. *Id.* at 13-14.

In Claim 4, Plaintiff alleges that Kelter told Plaintiff Defendant Marshall stated Plaintiff needed to stop "all bullshit." *Id.* at 14-16.

In Claim 5, Plaintiff alleges Defendant Marshall would repeatedly call for Keltner over the intercom and if Keltner did not respond, Defendant Marshall would ask Plaintiff where Keltner was. *Id* at 16.

In Claim 6, on many occasions, Keltner asked Plaintiff to accompany her to Defendant Marshall's office. *Id.* at 16.

REPORT AND RECOMMENDATION - 3

All of the above claims appear to have occurred before Plaintiff's current DOC incarceration.[1] As alleged in the original complaint, Keltner was Plaintiff's cellmate between 2013 and 2015. The above events also appear to be the same events alleged in Plaintiff's original complaint which occurred between 2013 and 2015. Further, the amended complaint alleges that after Plaintiff was released from DOC custody, Plaintiff and Keltner discussed the above events.

The Court has reviewed all pleadings and the record and for the reasons below recommends (1) GRANTING Defendants' motion to dismiss the original complaint because it is time barred, names a defendant that is immune from suit, and alleges a violation of the PREA which does not provide a private cause of action. (2) DISMISSING the amended complaint without prejudice because it refers to the same time barred allegations set forth in the original complaint, names the DOC which is immune from suit, and fails to set forth facts sufficient to state a claim upon which relief may be granted for any act which may have occurred since Plaintiff's reincarceration on April 10, 2024.

## DISCUSSION

### A.   Standards

The Court must screen complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a), and should "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

---

[1] Plaintiff's current DOC incarceration started on April 10, 2024 according to the certificate of incarceration that Plaintiff attached to the amended complaint. *See* Dkt.14 at 31.

REPORT AND RECOMMENDATION - 4

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.      Eleventh Amendment Immunity**

The complaint names the Washington Department of Corrections (DOC) as a Defendant. A state agency, such as the DOC, and state officials acting in their official capacity are not persons who can be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). The State of Washington has not waived its Eleventh Amendment immunity. *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010. Plaintiff accordingly cannot assert a claim under § 1983 against DOC, and the claims against this Defendant should be dismissed.

|   |   |   |
|---|---|---|
| 1 | **C.** | **Section 1983 Statute of Limitations** |

A § 1983 action must be filed within the applicable state statute of limitations for the jurisdiction in which the § 1983 claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)," applies to § 1983 claims. *Id*.

Federal law determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time-period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, Plaintiff alleges in the original complaint that Defendant Marshall engaged in acts with her cellmate between 2013 and 2015 that made her fearful. The amended complaint provides more details about these actions but both the original and amended complaints set forth events that Plaintiff knew about nine years ago through direct observations and conversations with her cellmate during the time the alleged events occurred. Plaintiff's allegations thus accrued for purposes of calculating the statute of limitations between 2013 and 2015, and Plaintiff's May 2024 complaint and her July 2024 amended complaint are according untimely and barred by the statute of limitations.

When a complaint is filed outside of the statute of limitations, the Court may consider whether there are grounds to equitably toll the applicable limitations period. The Court also applies Washington State law regarding equitable tolling for § 1983 actions. *Jones v. Blanas*, 393

1  F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice

2  requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are

3  bad faith, deception, or false assurances by the defendant and the exercise of diligence by the

4  plaintiff." *Id*. Courts "typically permit equitable tolling to occur only sparingly and should not

5  extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash. App. 657,

6  667 (2001) (internal quotations omitted).

7        Equitably tolling is inapplicable here. The complaint alleges Plaintiff's injuries arose

8  almost immediately after the alleged acts that occurred between 2013 and 2015, as Plaintiff avers

9  she was fearful of Defendant Marshall due to "very intrusive and sexual interactions" with

10  Plaintiff's cellmate. Dkt. 6 at 4. There are no equitable grounds to excuse Plaintiff's failure to

11  file suit within three years of the alleged acts. Rather it appears that Plaintiff was released from

12  prison and filed suit only after she was returned to prison in April of 2024.

13        For the foregoing reasons, both the federal and state law allegations related to the time

14  period between 2013 and 2015 should be dismissed as untimely and barred by the statute of

15  limitations.

16        **D.**    **PREA Claim**

17        Plaintiff alleges in Count II of the original complaint, "Sexual Harassment/PREA/fear"

18  and in Count II retaliation. *See* Dkt. 6 at 6-8. The amended complaint also mentions the PREA.

19        Plaintiff's PREA claims should be dismissed because a majority of courts have

20  determined the PREA does not provide for a private cause of action. *See Tillman v. California*,

21  2024 WL 3092003 (E.D. Cal. June 18, 2024); *Carr v. Barlett*, 2024 WL 130892 (D. Idaho,

22  March 27, 2024); *Littlefield v. Strange*, 2023 WL 6880479 at n. 2 (W.D. Wash. Oct. 23, 2023)

23  ("The Prison Rape Elimination Act ("PREA") has never been found to give rise to a private

REPORT AND RECOMMENDATION - 7

cause of action. *See Krieg v. Steele*, 599 F. Appx. 231, 232-33 (5th Cir. 2015) (citing cases); *Davis v. Riverside County Sheriff's Dept.*, 2016 WL 1642558, * 4 (C.D. Cal. April 25, 2016); *Slaikeu v. Alaska Department of Corrections*, 2023 WL 1433933 (D. Alaska, Feb. 1, 2023); *Duvall v. Cordero*, 2023 WL 8165544 (S.D. Cal. Feb. 2, 2023); *Gonzalez v. Chriese*, 2016 WL 3231284 (N.D. Cal., June 13, 2016); *Meier v. Luna*, 2020 WL 2084578 (D. Ariz., April 30, 2020); and *Collen v. Yamaoka*, 2015 WL 793085 (D. Hawaii, Feb. 15, 2015).

### E.  Eighth and Fourteenth Amendment Claims

Plaintiff also alleges a violation of her Eighth and Fourteenth Amendment rights in her amended complaint revolving around retaliation and harassment. These claims should be dismissed because neither the complaint nor the amended complaint present any facts to support the claims. Rather, the complaints that Plaintiff have filed express her fear that she might suffer retaliation, though they contain nothing establishing that any acts of retaliation or harassment have occurred since Plaintiff was returned to DOC custody in April 2024. Plaintiff also presents no facts that Defendant Marshall has harassed her and instead claims she has "flashbacks" of seeing "origami cranes" and is fearful about being around "staff." Plaintiff's retaliation and harassment claims in both complaints thus should be dismissed as lacking any factual support. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face).

### CONCLUSION

For the reasons above the Court recommends:

1. Plaintiff's claims the DOC should be DISMISSED with prejudice because the DOC is immune from suit under the Eleventh Amendment.

2.   Plaintiff's claims regarding the 2013-2015 alleged misconduct should be DISMISSED with prejudice because they are barred by the statute of limitations. Plaintiff knew about the alleged misconduct but did not file suit until 2024, far outside the limitations period.

3.   Plaintiff's PREA claim should be DISMISSED with prejudice because the PREA provides no private cause of action.

4.   Plaintiff's claim that since she has been returned to prison in April, 2024 that she is fearful of possible retaliation and harassment by Defendant Marshall is premature as neither the original nor the amended complaint allege any acts of retaliation have been committed. This claim should be DISMISSED without prejudice.

5.   The Court notes that Plaintiff indicates she is seeking legal counsel and that the Court should delay addressing Defendants' motion to dismiss. The Court finds no basis to delay adjudication of the motion to dismiss. There is nothing counsel can do to deflect dismissal of time barred claims, claims against immune defendants, or dismissal of the PREA claim. As to Plaintiff's allegations and fears regarding Eighth and Fourteenth Amendment violations that appear to not yet have occurred, those allegations should be DISMISSED without prejudice, thereby allowing Plaintiff to file a new complaint should an alleged violative act be committed by a non-immune defendant during Plaintiff's present incarceration which began in April 2024.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore, Plaintiff shall not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 21, 2024.** The Clerk should note the matter for **August 23, 2024**, as ready for the District Judge's

consideration if no objection is filed.  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 7th day of August, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10