UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDY LEA RUDDER,<br><br>      Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, et al.,<br><br>      Defendants. | CASE NO. 3:24-cv-05418-LK<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE |

  This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Brian A. Tsuchida recommending that Defendants' motion to dismiss Plaintiff Brandy Lea Rudder's civil rights complaint be granted. Dkt. No. 16; *see also* Dkt. No. 12. Also implicated are Ms. Rudder's motions for additional time to obtain legal counsel and to file an amended complaint, Dkt. Nos. 14, 18, her proposed amended complaints, Dkt. Nos. 14-1, 18-1, her motion for appointment of counsel or for time to obtain counsel, Dkt. No. 20, and motion to waive or reduce the filing fee, Dkt. No. 17. For the reasons explained below, the Court adopts the R&R in full and denies Ms. Rudder's motion for the appointment of counsel as well as

her motion to waive or reduce the filing fee.

## I. BACKGROUND

On May 30, 2024, Ms. Rudder filed a Section 1983 complaint against Defendants Washington State Department of Corrections ("DOC") and Brandon Marshall. Dkt. No. 6. The complaint alleges that between 2013 and 2015, while incarcerated at the Washington Corrections Center for Women, DOC employee Brandon Marshall engaged in "very intrusive and sexual interactions" with Ms. Rudder's cellmate. *Id.* at 5; *see also* Dkt. 12 at 2. Ms. Rudder also alleges that Defendant Marshall treated her in an inappropriate and intrusive manner, including by taking Ms. Rudder's "period panties" and calling them "nasty." Dkt. No. 6 at 5. Ms. Rudder seeks money damages, mental health services, and the termination of Marshall's employment. *Id.* at 9.

On July 15, 2024, Defendants moved to dismiss, asserting that the allegations against Marshall lack sufficient specificity or a legal basis and that Ms. Rudder's claims are barred by either the three-year statute of limitations, Wash. Rev. Code § 4.16.080, or the Eleventh Amendment. Dkt. No. 12 at 3–4, 6–7.

In response, on July 23, Ms. Rudder moved for additional time to obtain legal counsel and to amend her complaint. Dkt. Nos. 14, 14-1 (proposed amended complaint). Defendants opposed Ms. Rudder's motion, arguing that amendment would be futile. Dkt. No. 15 at 1–5.

The R&R recommends granting Defendants' motion to dismiss the original complaint, Dkt. No. 12, "because it is time barred, names a defendant that is immune from suit, and alleges a violation of the [Prison Rape Elimination Act ("PREA")] which does not provide a private cause of action." Dkt. No. 16 at 4.  It also recommends that the amended complaint be dismissed because "it refers to the same time barred allegations set forth in the original complaint, names the DOC which is immune from suit, and fails to set forth facts sufficient to state a claim upon which relief may be granted for any act which may have occurred since Plaintiff's reincarceration on April 10,

2024." *Id.* Thirteen days after the R&R was issued, Ms. Rudder moved "for time to obtain counsel" and to amend her complaint again, and filed another proposed amended complaint. Dkt. Nos. 18, 18-1. Her proposed amended complaint appears to object to the R&R; the caption reads in part, "Appeal Courts Dismissal," and she complains that her case "was dismissed without allowing me time and or a chance to get it all together as I am a inmate and is my 1st litigation." Dkt. No. 18-1 at 1, 4. Ms. Rudder later moved to have counsel appointed. Dkt. No. 20 at 1. She also filed two motions to reduce or waive her filing fee. Dkt. Nos. 17, 20.

## II.   DISCUSSION

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest, the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis original) ("Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."); *accord Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005). Here, although Ms. Rudder seems to object to the R&R, she does not explain how Judge Tsuchida erred and does not address how amendment could cure the deficiencies in her claims.

A.   **Section 1983 Statute of Limitations**

Defendants argue that Ms. Rudder's Section 1983 claims based on events occurring between 2013 and 2015 are time-barred. Dkt. No. 12 at 3. The R&R calculates that the cause of action accrued "about nine years ago" when the alleged wrongdoing occurred. Dkt. No. 16 at 3

(citing *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) for proposition that a claim accrues upon knowledge of the injury). Applying the three-year limitations period for Section 1983 claims under Washington law, the R&R concludes that Ms. Rudder's claims are time-barred. *Id.*

The Court agrees. Ms. Rudder learned of the relevant facts in 2015 (at the latest), and it is immaterial whether she knew then, or only learned later, that those facts could support a legal action. *See Lee v. United States*, 809 F.2d 1406, 1410 (9th Cir. 1987).[1] And even if the injury becomes more painful and acute over time, *see* Dkt. No. 6 at 5 (alleging continuing PTSD from Marshall's conduct), the Court must focus on period "in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful." Dkt. No. 16 at 6 (citing *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979)).

In limited circumstances, courts may equitably toll the statute of limitations. *Millay v. Cam*, 955 P.2d 791, 797 (Wash. 1998). But the Court agrees with the R&R that neither the original nor proposed amended complaint provides a sufficient basis for tolling. Dkt. No. 16 at 6–7.[2]

The Court therefore finds that Ms. Rudder's Section 1983 claims are time-barred.

**B.    PREA Claim**

The R&R recommends dismissal of Ms. Rudder's claim under PREA because the Act does not provide a private right of action. Dkt. No. 16 at 7–8 (collecting cases). The Court agrees—PREA includes no express private remedy, and there is no reason to think Congress intended to create one. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2003) (holding that, without explicit authorization by Congress, no private right of action is created simply by statute); 34 U.S.C. §

---

[1] Defendants cite *Allen v. State*, 826 P.2d 200 (Wash. 1992) for this proposition. Dkt. No. 12 at 3. As the R&R notes, federal law, not state law, governs the accrual date for Section 1983 claims. Dkt. No. 16 at 6.

[2] The record specifically undercuts the notion that Ms. Rudder was diligent in filing her claims based on the 2013 to 2015 conduct, because "it appears that [she] was released from prison and filed suit only after she was returned to prison in April of 2024." Dkt. No. 16 at 7.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE - 4

30307 (explicitly directing the Attorney General to publish national standards for the detection, prevention, reduction, and punishment of prison rape); *McRae v. Myers*, No. 22-1821, 2023 WL 2423590, at *3 (7th Cir. Mar. 9, 2023) ("[T]hough PREA is a federal law, it does not create a private cause of action."), *cert. denied,* 144 S. Ct. 169 (2023). Therefore, any claims brought as violations of PREA fail to state a claim for relief.

C.   **Claims Based on Renewed Fears Since Being Reincarcerated**

The Court also agrees with the R&R's conclusion that Ms. Rudder fails to state claims under either the Eighth or the Fourteenth Amendments based on her generalized allegations of fear of retaliation and harassment since she returned to incarceration earlier this year. Dkt. No. 16 at 8.

With respect to the Eighth Amendment, Ms. Rudder alleges only that acts of harassment or deliberate indifference occurred when she was previously imprisoned between 2013 and 2015. Allegations of present-day flashbacks, generally being fearful around staff, and emotional distress "due to . . . past trauma" do not state a claim. Dkt. No. 16 at 8–9; Dkt No. 14-1 at 5–6.

With respect to the Fourteenth Amendment, Ms. Rudder has not alleged that she is a member of a protected class.[3] Nor does Ms. Rudder argue that she was singled out for retaliation or harassment since returning to DOC custody in April 2024, *i.e.*, a "class of one" claim.

To the extent Ms. Rudder intended to allege a First Amendment retaliation claim, this too fails. A First Amendment retaliation claim has five elements. First, the plaintiff must demonstrate that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, the plaintiff must establish a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114.

---

[3] The Court notes that prisoners are not a protected class. *Cyprian v. White*, No. 3:19-CV-05047-RBL-JRC, 2019 WL 1651826, at *6 (W.D. Wash. Apr. 17, 2019).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE - 5

Fourth, the plaintiff must show that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). Fifth, the plaintiff must demonstrate "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 2005). Ms. Rudder fails to allege that any of these things occurred within the statute of limitations.

D.   **Eleventh Amendment Immunity**

Finally, the Court agrees that DOC is immune from suit. Dkt. No. 16 at 5. The Eleventh Amendment immunizes states from Section 1983 claims by their own citizens in federal court. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). That immunity extends to DOC, an arm of the state, and applies regardless of the relief sought. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 839 (9th Cir. 1997) (state agencies considered arms of the state are not "persons" for Section 1983 purposes). The State has not waived its immunity; DOC is therefore immune from suit here.

E.   **Ms. Rudder's Motion for Appointment of Counsel is Denied**

Having reviewed Ms. Rudder's application, the balance of the record, and the applicable law, the Court denies her application to appoint counsel. Dkt. No. 20.

"Unlike in criminal cases that implicate the Sixth Amendment right to counsel, civil litigants who cannot afford counsel are not constitutionally guaranteed the appointment of a lawyer." *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). And although the Court has discretion to "request" appointment of counsel for indigent litigants pursuant to section 1915(e)(1) in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*,

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE - 6

390 F.3d 1101, 1103 (9th Cir. 2004) (first quoting 28 U.S.C. § 1915(e)(1), and then quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)), those circumstances do not exist here.

First, for the reasons described above, the Court cannot conclude that Ms. Rudder is likely to succeed on the merits of her claims. *See, e.g.*, *Sam v. Renton Sch. Dist.*, No. C21-1363-RSM, 2021 WL 4952187, at *1 (W.D. Wash. Oct. 25, 2021). And she has not otherwise provided any compelling arguments or evidence that this case is likely to succeed on the merits. *See Ralls v. Facebook*, No. C16-0007-JLR, 2016 WL 10591399, at *2 (W.D. Wash. Apr. 25, 2016).

Second, this case does not present unusually complex legal or factual issues that would preclude Ms. Rudder from articulating her claims pro se. *See Agyeman*, 390 F.3d at 1103–04. Her filings demonstrate an ability to articulate her claims. *See* Dkt. Nos. 6, 14-1, 18-1. That she might more articulately set forth the facts underlying her claim with the assistance of counsel is not the test. *Steiner v. Hammond*, No. C13-5120-RBL, 2013 WL 3777068, at *2 (W.D. Wash. July 16, 2013).

And although Ms. Rudder has tried to obtain counsel on her own, Dkt. Nos. 14, 18, she has otherwise failed to set forth the exceptional circumstances needed to justify the appointment of counsel at this time.

F.     **Ms. Rudder's Motion to Waive or Reduce the Filing Fee is Denied**

The motion to waive or reduce the filing fee is denied. Dkt. No. 17. Even when proceeding *in forma pauperis* ("IFP"), "'the prisoner shall be required to pay the full amount of a filing fee' via a specified payment plan that automatically deducts available funds from the prisoner's prison bank account." *Meyers v. Birdsong*, 83 F.4th 1157, 1160 (9th Cir. 2023) (citing 28 U.S.C. § 1915(b)(1)). Because Congress chose to "require[] prisoners [proceeding IFP] to pay filing fees for the suits or appeals they launch," *Bruce v. Samuels,* 577 U.S. 82, 85 (2016), and there is no statutory authority or mechanism for the Court to waive or reduce the filing fee in this context, *see*

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE - 7

*Appel v. King Cnty. Corr. Facility*, No. 221CV00621MJPJRC, 2021 WL 4033298, at *2 (W.D. Wash. Sept. 3, 2021) (citing *Grindling v. Martone*, No. CIV. 12-00361 LEK, 2012 WL 4502954, at *1–2 (D. Haw. Sept. 28, 2012)), the Court must deny Ms. Rudder's motion.

### III.  CONCLUSION

Taking all of Ms. Rudder's alleged facts—in all three of her complaints—as true, as the Court must do at this stage of the case, Ms. Rudder fails to state any claim upon which relief can be granted. Although the Court sympathizes with what Ms. Rudder alleges to have experienced, the law imposes limitations on the time within which she may initial legal action. Because her claims are clearly time-barred, leave to amend would be futile. The Court therefore ADOPTS the R&R in full:

(1) The claims against the DOC are DISMISSED with prejudice because the DOC is immune from suit under the Eleventh Amendment;

(2) The claims regarding the alleged misconduct from 2013 to 2015, including Ms. Rudder's Eighth and Fourteenth Amendment claims, are DISMISSED with prejudice because they are barred by the statute of limitations;

(3) The claims predicated on a PREA violation are DISMISSED with prejudice because the PREA lacks a private right of action; and

(4) To the extent Ms. Rudder asserts claims based on violations that have not yet occurred, those claims are DISMISSED without prejudice as unripe.

Because Ms. Rudder's two proposed amended complaints are subject to the same incurable deficiencies, the Court DENIES her motions for time to obtain counsel and for leave to amend her complaint. Dkt. Nos. 14, 18.[4]

---

[4] Ms. Rudder's proposed first amended complaint appears to advance claims on behalf of her former cellmate. *See, e.g.*, Dkt. No. 14-1 at 9 ("Defendant Marshall, Brandon did violate my and other said inmate['s] 8th and 14th

Finally, the Court DENIES Ms. Rudder's application to appoint counsel, Dkt. No. 20, and motion to waive or reduce the filing fee, Dkt. No. 17.

To the extent events occur during Ms. Rudder's current incarceration that give rise to a legal claim, Ms. Rudder may file a new lawsuit against the appropriate defendants.

Dated this 16th day of September, 2024.

Lauren King
United States District Judge

---

amendment"). Although a non-attorney may appear pro se on her own behalf, a non-attorney has no authority to represent others except in limited circumstances not present here. *See Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

Ms. Rudder also advances a privacy- and HIPAA-based claim in her second amended complaint, Dkt. No. 14-1 at 11–12, but this too is barred. *See generally* Wash. Rev. Code Ch. 4.16 (describing statutes of limitations for various claims); *Garmon v. County of Los Angeles*, 828 F.3d 837, 847 (9th Cir. 2016) ("HIPAA itself provides no private right of action." (quoting *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007)).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND TO WAIVE OR REDUCE FILING FEE - 9